**HOLT et al. v. DANIEL SONS & PALMER CO. et al.***

(Circuit Court of Appeals, Fifth Circuit. October 30, 1925.)

No. 4688.

**1. Executors and administrators ⬪93(2)— Executors may incur debts and make estate liable therefor, under will directing continuance of testator's business ventures.**

A testator has power to direct the continuance of his business ventures after his death, and the executors under such a will may incur debts and make estate liable therefor.

*Certiorari denied 46 S. Ct. 208, 70 L. Ed. ——.

**2. Executors and administrators ⬪93(2)— Executors not liable for continuing unprofitable ventures, where testator authorized such risk and unprofitableness could not be foreseen.**

Under will directing executors to continue business ventures in which the estate was interested as long as it was profitable to do so, executors were not liable for having continued operations when they were no longer profitable, and for having incurred debts in so doing; it being impossible to determine in advance whether operations would be profitable, and testator having authorized risk.

**3. Pleading ⬪8(2)—Averment that legacies had passed to petitioners because executors assented thereto held a conclusion, negatived by other averments, and petitioners' petition properly dismissed.**

In receivership proceedings of business ventures authorized under will by testator, where grandchildren intervened and averred in petition that devise in legacy had passed to them, because executors gave assent to passing of legacy under will, in view of Civ. Code Ga. 1910, § 3895, held, such petition was properly dismissed; such averment being mere conclusion of pleader, and overcome by averments in petition negativing any idea of such express or implied assent.

**4. Executors and administrators ⬪291—After executors, pursuant to will, incurred debts, they could not interfere with rights of creditors by assenting to devises or legacies.**

Where executors, directed to carry out business ventures of testator, incurred debts pursuant to will, they could not thereafter interfere with rights of creditors by assenting to devises or legacies, in view of Civ. Code Ga. 1910, § 3896.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit by B. F. Avery & Sons, Inc., against Daniel Sons & Palmer Company and others, in which Mildred D. Holt and others intervened. From a decree dismissing their petition in intervention, interveners appeal. Affirmed.

Benj. E. Pierce, of Augusta, Ga. (Wallace B. Pierce, of Augusta, Ga., and James A. Dixon, of Millen, Ga., on the brief), for appellants.

A. B. Lovett and Wm. Hugh Stephens, both of Savannah, Ga. (Stephens & Stephens, Hartridge, Wright & Brennan and Hitch, Denmark & Lovett, all of Savannah, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. James H. Daniel died in 1906. He had been engaged in farm-

ing several tracts of land which he owned, and in the mercantile business of Daniel Sons & Palmer, a partnership composed of himself, his sons Robert C. and James H. Daniel, Jr., and a son-in-law, Samuel W. Palmer. He left a will, naming as his executors his two sons, who were his partners in the mercantile business. The will expressed the preference that none of the testator's property be sold for the payment of his debts, but directed the executors, so far as possible, to pay one-half of his debts out of the profits from his farms, and the other one-half out of the profits from the mercantile business, to continue to operate the farms as long as they were profitable and their cultivation was for the best interest of the estate, and likewise to continue the mercantile business as long as it was profitable and that course was agreeable to the surviving partners. The executors were clothed with full power to manage and control the testator's farms and his interest in the mercantile business, to incur liabilities, and to do everything in connection with his estate which he could or might do if living. After the testator's debts were paid, the property or income was to be divided in four equal shares—one share to go to his son, Edward Groover Daniel, for life, with remainder over to his children.

The executors named in the will qualified and entered upon the discharge of their duties. In their representative capacity they participated in the conduct of the mercantile business, which was continued, and also in farming the lands of the testator. From time to time they borrowed considerable sums of money, especially during the years 1921 and 1922, and gave deeds to the farm lands to secure debts. Finally a receiver was appointed, and the secured creditors foreclosed their liens.

Appellants are the children of Edward Groover Daniel, and grandchildren of the testator. They intervened in the receivership suit, and charged that the executors were authorized by the will to operate the farms and mercantile business only so long as such operations were profitable, but that, contrary to the terms of the will, the executors had run both heavily into debt. The petition prayed for an accounting by the receiver, that the estate of appellants under the will be preserved, and for general relief. By an amendment to the petition it was averred that the executors had assented to the passing of the devises and legacies contained in the will. Upon motion of the receiver and certain creditors, the District Judge entered an order dismissing the petition of appellants, and it is from that order that this appeal is taken.

[1, 2] The will clearly authorized the executors to continue the testator's business ventures after his death, and to that end to incur debts and make the estate liable therefor. The testator had the power to bind his estate in this way. Ferris v. Van Ingen & Co., 110 Ga. 102, 35 S. E. 347. This being true, it appears from the record before us that the estate has been liable for debts ever since the testator's death. Whether the farms or the store could be operated at a profit it was impossible to determine in advance. The testator authorized the risk.

[3] Section 3895 of the Civil Code of Georgia provides: "All property, both real and personal, in this State, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." The contention is made that the court erred in dismissing the petition, because the amendment thereto alleges that the executors gave the necessary assent. But this averment is a mere conclusion of the pleader, and is overcome by the averments of fact contained in the petition which negative any idea of either express or implied assent.

[4] The estate was liable not only for debts existing at the time of the testator's death, but also for debts incurred thereafter by the executors acting in pursuance of the will, and, because of the existence of debts of the latter class, it was beyond the power of the executors, by assenting to devises or legacies, to interfere with the rights of creditors to whom they were payable. Civ. Code of Ga. § 3896.

The decree appealed from is affirmed.